

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2005

# Fajardo-Lazil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fajardo-Lazil v. Atty Gen USA" (2005). *2005 Decisions*. Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3246
_____

JOSE FAJARDO-LAZIL,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A30 143 202)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 14, 2005

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES
(Filed  December 15, 2005)
_____

OPINION
_____

PER CURIAM

    Jose Fajardo-Lazil (Fajardo) petitions for review of a final order of removal issued

by the Board of Immigration Appeals (BIA).  For the following reasons, we will deny his

petition for review.[1]

_____

    [1]    Fajardo initiated these proceedings by filing a habeas corpus petition under 28
U.S.C. § 2241 in the Middle District of Pennsylvania at No. 05-cv-00506.  While his
habeas petition was pending, the REAL ID Act of 2005 took effect on May 11, 2005.

Fajardo, a citizen of the Dominican Republic, entered the United States in 1971. In 1993, he was convicted in Pennsylvania for delivery of cocaine and was sentenced to 15 to 36 months in prison. Based on this conviction, the Government charged Fajardo with deportability for having been convicted of an aggravated felony and a controlled substance offense. Fajardo conceded deportability before an Immigration Judge (IJ) and eventually was allowed to apply for a waiver of removal under former § 212(c) of the Immigration and Nationality Act (INA). Fajardo and his attorney appeared before the IJ on December 27, 2000, at which time the IJ scheduled a hearing for July 25, 2001, on Fajardo's § 212(c) application. The IJ also sent written notice to Fajardo's attorney of the July 25, 2001 hearing. On June 1, 2001, the IJ allowed Fajardo's counsel to withdraw and again sent Fajardo written notice of the July 25, 2001 hearing. When Fajardo failed to appear on July 25, 2001, the IJ denied § 212(c) relief and in absentia ordered him removed to the Dominican Republic.

In June 2004, Fajardo filed a motion to reopen proceedings with the IJ. Fajardo asserted that he did not appear at the July 25, 2001 hearing because he did not receive proper written notice. The IJ ruled that Fajardo failed to substantiate his motion to reopen and denied it. On appeal, the BIA explained that Fajardo failed to demonstrate lack of

The District Court transferred the portion of the habeas petition challenging the final order of removal to this Court to be treated as a petition for review under Section 106(c) of the REAL ID Act of 2005. The District Court did not transfer the portion of the habeas petition challenging Fajardo's continued detention. Accordingly, to the extent that Fajardo argues that his continued detention is unlawful, we cannot consider any such arguments in the context of the current proceedings.

notice or exceptional circumstances to excuse his failure to appear, noted that the motion to reopen was also untimely, and affirmed the IJ's decision. Fajardo challenged the final order of removal by filing a habeas petition in the District Court, which transferred the petition to this Court to be treated as a petition for review, as described previously.

The sole question before us is whether the BIA erred in affirming the IJ's denial of Fajardo's motion to reopen proceedings following the order of removal entered in absentia. Where an alien has been ordered removed in absentia, he may file a motion to reopen within 180 days of the final order of removal if he demonstrates "exceptional circumstances" for his failure to appear. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). If the alien demonstrates that he did not receive notice of the hearing, an order of removal entered in absentia may be rescinded upon a motion to reopen filed at any time. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). Likewise, the alien may also file a motion to reopen at any time if he demonstrates that he was in federal or state custody and that his failure to appear was not his fault. Id.

Without question, Fajardo's motion to reopen was filed beyond the 180-day period. The IJ's order denying his motion to reopen was denied in July 2001; Fajardo filed his motion to reopen nearly three years later in June 2004. Thus, unless Fajardo demonstrated either lack of notice or that he was in custody and failed to appear through no fault of his own, the BIA correctly ruled that his motion was untimely.

After examining the record, we agree fully with the BIA that Fajardo failed to demonstrate lack of notice. Written notice of the July 25, 2001 hearing was sent to

3

Fajardo's counsel of record on December 27, 2000. (A.R. 151-155.) When counsel was permitted to withdraw in June 2001, a second written notice was sent to Fajardo at his most recent known address. (A.R. 135-144.) These two written notices readily satisfy the statutory notice requirements. See 8 U.S.C. § 1229(a)(1). In addition, Fajardo was present with counsel on December 27, 2000, when the IJ orally notified him of the July 25, 2001 hearing. Under these circumstances, the BIA correctly ruled that Fajardo failed to demonstrate lack of notice.

The remaining issue is whether Fajardo was in custody and failed to appear through no fault of his own. We have scoured the record for evidence that Fajardo was in custody on July 25, 2001. While the record supports Fajardo's assertion that he has spent time in custody, no evidence of record indicates that he was in custody on July 25, 2001. Even if Fajardo were in custody on that date, no evidence suggests that he was prevented from informing the IJ of his custody and his inability to attend the hearing, or otherwise requesting alternative arrangements for the hearing on his application for § 212(c) relief.

In sum, we conclude that the BIA did not err in affirming the IJ's decision to deny Fajardo's motion to reopen. Accordingly, we will deny Fajardo's petition for review.

4